IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:11-CR-00073-RLV-DSC-6

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| DUSTAN PETE PERRY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant Dustan Pete Perry's *pro se* Motion to Reduce Sentence of Amendment 794 (the "Motion"). (Doc. 950). On May 4, 2012, Defendant pled guilty to Conspiracy of Distribute, Possess with Intent to Distribute, and Manufacture Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) ("Count One"), and to Possession and Distribution of Pseudoephedrine to Manufacture Methamphetamine, in violation of 21 U.S.C. §§ 802(34)(k) and 841(c)(2) ("Count Two"). (Doc. 184; Doc 646 at 1). On December 3, 2013, this Court sentenced Defendant to a term of imprisonment of two hundred sixty-two months on Count One, and two hundred forty months on Count Two, to be served concurrently. (Doc. 646 at 2). In his Motion, Defendant seeks a sentence reduction through the retroactive application of U.S. Sentencing Guidelines (U.S.S.G.) Amendment 794, which clarifies the requirements for mitigating sentences based upon a defendant's "minor" or "minimal" role in an offense. (Doc. 950); *see also* U.S.S.G. § 3B1.2. Specifically, Defendant asks the Court to grant a "minor role" reduction to his offense level, which would result in either a two, three, or four-level reduction from his total offense level of forty-one. (*See* Doc. 950 at 2-3; *see also* Doc. 647 at 1).

1

Once a term of imprisonment has been imposed, it is generally considered to be "final for all purposes." 18 U.S.C. § 3582(b), (c). A court is only permitted to modify a term of imprisonment "if the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or [Fed. R. Crim. P.] 35 *expressly* permits the court to do so." *United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (emphasis in original). Here, the Director of the Bureau of Prisons has not moved for a reduction, the Government has not filed a Fed. R. Crim. P. 35 motion, and there is no statute expressly permitting the Court to reduce Defendant's sentence. However, the Sentencing Commission has amended U.S.S.G. § 3B1.2 through its adoption of Guidelines Amendment 794.

The Court may "reduce a defendant's term of imprisonment when the Commission has subsequently lowered his or her sentencing range and made that reduction retroactive." *United States v. Dunphy*, 551 F.3d 247, 250 (4th Cir. 2009). Section 3582(c)(2) states that "upon motion of the defendant . . . the court may reduce the term of imprisonment . . . , *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*." 18 U.S.C. § 3582(c)(2) (emphasis added). The applicable policy statement is U.S.S.G. § 1B1.10, which provides as follows:

> [i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a). The United States Court of Appeals for Fourth Circuit has held that amendments may receive retroactive application only when expressly listed in U.S.S.G.

§ 1B1.10([d])1.[1]  *Dunphy*, 551 F.3d at 249 n.2 ("A guideline amendment may be applied retroactively only when expressly listed in U.S.S.G. § 1B1.10([d])."); *United States v. Williams*, 808 F.3d 253, 257 (4th Cir. 2015) (noting § 1B1.10(d) "lists the Guidelines amendments designated by the Commission for retroactive application in a § 3582(c)(2) proceeding"); *see also United States v. McHan*, 386 F.3d 620, 622 (4th Cir. 2004) (holding that "since Amendment 645 is not listed in section 1B1.10([d]) [it] therefore may not be applied retroactively on a section 3582 motion").  As of the date of this Order, Amendment 794 is not listed in U.S.S.G. § 1B1.10(d) as one of the amendments to be applied retroactively.  Therefore, a reduction in Defendant's sentence is not consistent with the policy statement because Amendment 794 does not apply retroactively to sentences that have become final.

For the reasons stated above, Amendment 794 lacks retroactive effect; thus, Defendant's Motion does not rely on a proper basis to permit this Court to consider a reduction to Defendant's sentence.  **IT IS, THEREFORE, ORDERED** that Defendant's *pro se* Motion to Reduce Sentence of Amendment 794 (Doc. 950) is **DENIED**.

Signed: August 8, 2017

Richard L. Voorhees
United States District Judge

---

[1] The Sentencing Guidelines were amended on November 1, 2014 to include Amendment 780, which "redesignat[ed]" subsection (c) as subsection (d). U.S.S.G. App. C, amdt. 780 ("[s]ection 1B1.10 is amended in each of subsections (a)(1), (a)(2)(A), (a)(2)(B), and (b)(1) by striking 'subsection (c)' each place such term appears and inserting 'subsection (d)'; [and] by redesignating subsection (c) as subsection (d)[.]").